# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.



**CR 13   169**

ALFRED J. VILLALOBOS and
FEDERICO R. BUENROSTRO, JR.,
aka Fred Buenrostro,

**CRB**

DEFENDANT(S).

---

## INDICTMENT

VIOLATIONS:

18 U.S.C. § 371 – Conspiracy to Defraud the United States;
18 U.S.C. § 1001(a)(1) – False Scheme Against the United States; 18 U.S.C. §
1349 – Conspiracy to Commit Mail Fraud and Wire Fraud; 18 U.S.C. §1001(a)(2) –
False Statement to the United States; 18 U.S.C. § 1505 – Obstruction of Justice; 18
U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture of Fraud and
Obstruction Proceeds

---

A true bill.

_____ Foreman

Filed in open court this 14TH day of

March, 2013.

_____ Clerk

Bail, $ no bail / arrest warrants as to both defendants

**Nathanael Cousins**
**United States Magistrate Judge**

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

Count One: 18 U.S.C. § 371 (Conspiracy to Defraud the United States);
Count Two: 18 U.S.C. § 1001(a)(1) (False Scheme Against the United States);
Count Three: 18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud and Wire Fraud)
Forfeiture Allegations as to Count Three

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Counts One and Two: 5 years imprisonment; $250,000 fine, or twice the amount of gain or loss, whichever is greater; three years supervised release; $100 SA; For Count Three: 20 years imprisonment; $250,000 fine, or twice the amount of gain or loss, whichever is greater; three years supervised release; $100 SA

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**DEFENDANT - U.S**
▶ ALFRED J. VILLALOBOS

DISTRICT COURT NUMBER
**CR 13 169 CRB**

FILED MAR 14 2013 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
USPIS Postal Inspector Jason Crowe; FBI S/A Ethan Quinn

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    TIMOTHY J. LUCEY

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

---- OFFENSE CHARGED ----

Count One: 18 U.S.C. § 371 (Conspiracy to Defraud the United States); Count Two: 18 U.S.C. § 1001(a)(1) (False Scheme Against the United States); Count Three: 18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud and Wire Fraud); Count Four: 18 U.S.C. § 1001(a)(2) (False Statement to the United States; Count Five: 18 U.S.C. § 1505 (Obstruction of Justice); Forfeiture Allegations as to Counts Three and Five

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Counts One, Two, Four, and Five: 5 years imprisonment; $250,000 fine, or twice the amount of gain or loss, whichever is greater; three years supervised release; $100 SA; For Count Three: 20 years imprisonment; $250,000 fine, or twice the amount of gain or loss, whichever is greater; three years supervised release; $100 SA

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
MAR 14 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT - U.S ----

▶ FEDERICO R. BUENROSTRO, JR., aka Fred Buenrostro

DISTRICT COURT NUMBER

CR 13 169  CRB

---- DEFENDANT ----

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction    } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)
USPIS Postal Inspector Jason Crowe; FBI S/A Ethan Quinn

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    TIMOTHY J. LUCEY

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                  Before Judge:

Comments:

1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                       SAN FRANCISCO DIVISION
11
12 | UNITED STATES OF AMERICA,        )   No. CR  **CR 13   169**
                                      )
13 |        Plaintiff,                )   VIOLATIONS:
                                      )
14 |    v.                            )   18 U.S.C. § 371 – Conspiracy to Defraud the
                                      )   United States; 18 U.S.C. § 1001(a)(1) – False
15 | ALFRED J. VILLALOBOS and         )   Scheme Against the United States; 18 U.S.C.
   | FEDERICO R. BUENROSTRO, JR.,     )   § 1349 – Conspiracy to Commit Mail Fraud
16 |    aka Fred Buenrostro,          )   and Wire Fraud; 18 U.S.C. §1001(a)(2) –
                                      )   False Statement to the United States; 18
17 |        Defendants.               )   U.S.C. § 1505 – Obstruction of Justice; 18
                                      )   U.S.C. § 981(a)(1)(C) and 28 U.S.C. §
18                                    )   2461(c) – Forfeiture of Fraud and
                                      )   Obstruction Proceeds
19                                    )
                                      )   (SAN FRANCISCO VENUE)
20 |_____)
21                              INDICTMENT
22     The Grand Jury charges:
23                        Introductory Allegations
24     At all relevant times unless otherwise specified:
25     1.    ARVCO Capital Research, LLC was a limited liability company organized and
26 existing under the laws of the State of Nevada, with its principal place of business in Stateline,
27 Nevada. ARVCO also did business under the names "ARVCO Capital Research," "ARVCO
28 Financial Ventures, LLC," and "Capital Formation Partners." ARVCO Capital Research, LLC,

INDICTMENT                              1

1 | ARVCO Capital Research, ARVCO Financial Ventures, LLC, and Capital Formation Partners
2 | will be referred to collectively hereinafter as "ARVCO."

3 |     2.    ALFRED J. VILLALOBOS was the founder, managing director, and majority
4 | shareholder for ARVCO and all of its predecessor entities.

5 |     3.    Among other business ventures, VILLALOBOS operated ARVCO as a placement
6 | agent that solicited investments by public pension funds into private equity funds. ARVCO was
7 | typically paid an agreed upon fee based on the percentage of the total dollar amount invested by
8 | the public pension fund.

9 |     4.    From on or about December 1, 2002, until on or about May 12, 2008, FEDERICO
10 | R. BUENROSTRO, JR., aka Fred Buenrostro ("BUENROSTRO"), served as the Chief
11 | Executive Officer ("CEO") of the California Public Employees' Retirement System
12 | ("CalPERS"). BUENROSTRO retired from CalPERS on or about June 30, 2008. He began
13 | working as an ARVCO consultant on or about July 1, 2008.

14 |     5.    CalPERS was an entity created by the State of California that, among other duties
15 | and obligations, operated the pension benefit system and health care benefit programs for current
16 | and former employees of the State of California and other public entities in California. CalPERS
17 | was headquartered in Sacramento, California, and maintained offices throughout California,
18 | including within the Northern District of California. CalPERS provided retirement and health
19 | care benefits, among other services, including residents in the Northern District of California.

20 |     6.    Apollo Global Management ("Apollo") was a private equity firm based in New
21 | York, New York. Prior to 2007, ARVCO had acted as the placement agent on several of
22 | CalPERS' investments into Apollo funds.

### Apollo Announces Investor Disclosure Requirement for its Placement Agents

24 |     7.    In or around March 2007, Apollo registered with the Securities and Exchange
25 | Commission ("SEC") as an investment advisor. Thereafter, in order to comply with securities
26 | laws and regulations, Apollo required all of its placement agents to obtain a signed "Investor
27 | Disclosure" letter from any investor that they successfully placed in an Apollo-managed fund.
28 | Apollo maintained these Investor Disclosure letters provided by the placement agents in its files

INDICTMENT                                     2

to comply with the SEC's requirement that investment advisors keep and maintain accurate books and records, among other reasons.

8. One of the purposes of the Investor Disclosure letters was to memorialize that investors were aware of the relationship between the placement agent and Apollo. The Investor Disclosure letters specifically confirmed, among other things, that (1) the placement agent was working on behalf of Apollo; (2) Apollo would pay the placement agent a certain fee in connection with the investor's promise to transmit funds into the particular Apollo-managed fund; (3) the fee to be paid to the placement agent would not increase the management fee or other expenses borne by the investor nor reduce the investor's capital; and, (4) the investor had been provided certain documents related to the investment in the particular Apollo-managed fund.

9. Apollo notified its existing placement agents, including ARVCO, of this new policy in writing and advised them that Apollo would not pay any fee to any placement agent, unless and until it received a signed Investor Disclosure letter as to each investor in each fund with whom the placement agent had successfully placed in an Apollo-managed fund.

10. Between approximately August 2007 and approximately April 2008, CalPERS invested approximately $3 billion dollars into funds managed by Apollo, identified as: Fund VII, Apollo Investment Europe ("AIE"), Special Opportunities Managed Account ("SOMA"), European Principal Loan Fund ("EPF"), and Credit Opportunity Fund ("COF") (referred to collectively hereinafter as "Apollo-managed funds").

11. ARVCO acted as the placement agent on behalf of Apollo in connection with each of these investments by CalPERS. In each instance, Apollo required ARVCO to obtain a written Investor Disclosure letter from CalPERS prior to paying ARVCO any fees for its efforts in securing CalPERS' investments in each of the subject Apollo-managed funds, citing, among other reasons, Apollo's obligations under the Investment Advisers Act of 1940. All references to Investor Disclosure letters throughout this Indictment refer collectively to the letters relating to CalPERS' investments, placed by ARVCO, into Fund VII, AIE, SOMA, EPF, and COF.

////

CalPERS Declines to Execute Investor Disclosure Letter for Fund VII

12.     On or about August 23, 2007, ARVCO's General Counsel e-mailed a CalPERS Senior Portfolio Manager with oversight over private equity investments and requested that he execute an Investor Disclosure letter.

13.     Later that day, the CalPERS Senior Portfolio Manager notified ARVCO's General Counsel that CalPERS would not sign the proposed Investor Disclosure letter and referred any further questions regarding the matter to CalPERS' in-house counsel. ARVCO's General Counsel contacted CalPERS' in-house counsel, who confirmed that CalPERS would not execute the requested Investor Disclosure letter.

14.     Shortly thereafter, ARVCO's General Counsel also informed VILLALOBOS that CalPERS would not execute the requested Investor Disclosure letter.

United States' Investigation of ARVCO

15.     On or about May 9, 2009, ARVCO registered with the SEC as a broker-dealer. As a registered broker-dealer, ARVCO was thereafter required, among other duties and obligations, to make and to keep accurate books and records detailing, among other things, its securities transactions, and to furnish copies of those records and other information to the SEC upon request.

16.     On or about July 17, 2009, the SEC sent a Section 21(a) inquiry to ARVCO seeking information about, among other things, its role as a placement agent in connection with investments by public pension funds into private equity and other investment vehicles.

17.     On or about August 7, 2009 and on or about September 25, 2009, ARVCO filed reports with the SEC, notarized and signed under penalty of perjury, in which ARVCO, among other things, claimed that it had obtained a series of Investor Disclosure letters from CalPERS after June 2007.

18.     Between on or about August 21, 2009 and continuing to at least May 26, 2010, in response to a further inquiry, ARVCO produced documents to the SEC.

19.     On or about May 18, 2010, the United States Postal Inspection Service ("USPIS") opened a criminal investigation of ARVCO into possible mail fraud, wire fraud, and related

INDICTMENT                                              4

1  charges. The focus of the inquiry included ARVCO's response to the SEC regarding its role as a
2  placement agent in connection with investments made by CalPERS in private equity funds, the
3  circumstances surrounding ARVCO's receipt of commission fees from Apollo, and Investor
4  Disclosure letters relating to CalPERS' investments into Apollo-managed funds in 2007 and
5  2008.

6      20.    On or about June 1, 2010, the Federal Bureau of Investigation ("FBI") opened a
7  criminal investigation into substantially similar matters. Shortly thereafter, the USPIS and FBI
8  agreed to investigate jointly the matters relating to ARVCO and its participation in CalPERS'
9  investments into Apollo-managed funds.

10      21.    During the course of the investigations conducted by the SEC, the USPIS, and the
11  FBI, the following matters, among others, were material to each:

12          a.    When, and the manner and means by which, someone signed Investor
13             Disclosure letters on behalf of CalPERS in connection with CalPERS'
14             investments in certain Apollo-managed funds;

15          b.    Whether and when anyone provided any of the signed Investor Disclosure
16             letters to CalPERS' intra-office mail system for filing in its investment
17             records database; and,

18          c.    Whether and to what an ARVCO representative asked anyone to sign
19             Investor Disclosure letters that were missing substantive terms.

20      22.    On or about February 3, 2012, BUENROSTRO submitted to a voluntary
21  interview in San Francisco, California, with the SEC, the USPIS, the FBI, and United States
22  Attorney's Office ("USAO") in connection with their ongoing investigations. BUENROSTRO
23  responded to questions about his role in, and knowledge of, the creation, execution, and
24  transmittal of the Investor Disclosure letters relating to CalPERS' investments into
25  Apollo-managed funds in 2007 and 2008.

26  ////
27  ////
28  ////

INDICTMENT                                      5

COUNT ONE: (18 U.S.C. § 371 – Conspiracy to Defraud the United States)

23. Paragraphs 1 through 22 are realleged as if fully set forth herein.

24. On or about and between January 2008 and November 2012, both dates being approximate and inclusive, in the Northern District of California, and elsewhere, the defendants,

ALFRED J. VILLALOBOS and
FEDERICO R. BUENROSTRO, JR.,
aka Fred Buenrostro,

and others, did knowingly and intentionally conspire to defraud the United States through deceit, craft, trickery, and dishonest means for the purpose of attempting to defeat and obstruct the lawful functions of the SEC, USPIS, and FBI, in the oversight and enforcement of the laws relating to the offer, sale, and purchase of securities, and other federal criminal laws.

### Manner and Means of the Conspiracy to Defraud the United States

25. VILLALOBOS and BUENROSTRO created a series of fraudulent Investor Disclosure letters in order to satisfy Apollo's record-keeping obligations under the securities laws and regulations and to ensure ARVCO's receipt of commission fees from Apollo. Thereafter, VILLALOBOS and BUENROSTRO covered up and lied to the SEC, the USPIS, and the FBI, about the authenticity of the Investor Disclosure letters during investigations by those agencies related to CalPERS' investments in Apollo-managed funds.

26. In reliance on the fraudulent Investor Disclosure letters created by VILLALOBOS and BUENROSTRO, between on or about January 2008, and on or about October 2009, Apollo paid ARVCO a total of approximately $14 million dollars in fees in relation to the investments made by CalPERS into Apollo-managed funds.

### Overt Acts

27. In furtherance of the conspiracy and to effect the objects thereof, the following overt acts were committed in the Northern District of California and elsewhere:

    a. On or about January 2, 2008, VILLALOBOS, BUENROSTRO, and others created a backdated Investor Disclosure letter for ARVCO in connection with CalPERS' investment in Fund VII;

    b. On or about January 3, 2008, VILLALOBOS caused that Fund VII

INDICTMENT 6

1  Investor Disclosure letter to be transmitted via interstate carrier from
2  Nevada to New York;
3   c.  On or about January 11, 2008, BUENROSTRO signed, and in some cases
4      dated, Investor Disclosure letters that were missing substantive terms;
5   d.  On or about January 13, 2008, VILLALOBOS and others inserted
6      substantive terms summarizing ARVCO's role in connection with
7      CalPERS' investments in AIE, SOMA, and EPF, onto the incomplete
8      Investor Disclosure letters previously signed and dated by
9      BUENROSTRO;
10  e.  On or about January 14, 2008, VILLALOBOS caused the Investor
11     Disclosure letters for AIE, SOMA, and EPF, to be transmitted via
12     interstate carrier from California to New York;
13  f.  On or about June 19, 2008, VILLALOBOS and others inserted
14     substantive terms summarizing ARVCO's role in connection with
15     CalPERS' investment in COF, onto an incomplete Investor Disclosure
16     letter previously signed by BUENROSTRO and added the written date of
17     "5/20/08";
18  g.  On or about June 19, 2008, VILLALOBOS caused the COF Investor
19     Disclosure letter to be transmitted via interstate carrier from Nevada to
20     New York;
21  h.  On about July 1, 2008, VILLALOBOS hired BUENROSTRO to work for
22     ARVCO, initially as a consultant and later as a full-time employee;
23  i.  On or about June 16, 2009, ARVCO transmitted via interstate wire
24     transmission a copy of the COF Investor Disclosure letter to Apollo;
25  j.  On or about August 7, 2009, VILLALOBOS transmitted, or caused to be
26     transmitted, ARVCO's "Sworn Statement Pursuant to Section 21(a)(1) of
27     the Securities Act of 1934" to the SEC;
28 ////

INDICTMENT                                  7

k. On or about September 24, 2009, VILLALOBOS executed, under penalty of perjury, ARVCO's "Supplemental Sworn Statement Pursuant to Section 21(a)(1) of the Securities Act of 1934";

l. On or about September 25, 2009, VILLALOBOS transmitted, or caused to be transmitted, ARVCO's "Supplemental Sworn Statement Pursuant to Section 21(a)(1) of the Securities Act of 1934" to the SEC;

m. On or about December 27, 2010, BUENROSTRO falsely answered certain questions under oath in a deposition in the civil action of *People v. Villalobos et al.,* (Los Angeles County Superior Court, SC 107850), regarding his role in, and knowledge of, the creation, execution and transmittal of the fraudulent Investor Disclosure letters;

n. On or about November 28, 2011, VILLALOBOS executed a written response to the SEC's "Wells" notice in which he, among other things, (1) adopted BUENROSTRO's prior false statements from the December 2010 deposition about the Investor Disclosure letters; and, (2) falsely represented and concealed his role in the creation, execution, and transmittal of the fraudulent Investor Disclosure letters;

o. On or about February 3, 2012, BUENROSTRO participated in a voluntary interview with the SEC, the USPIS, and the FBI, in which he falsely represented, among other things:

   (1) that he never signed any Investor Disclosure letters that were missing substantive terms;

   (2) that he did not backdate any Investor Disclosure letters; and,

   (3) that he had signed two original copies of complete Investor Disclosure letters for Fund VII, SOMA, AIE, EPF, and COF, whereupon he had provided one original to ARVCO and submitted the second original to CalPERS' intra-office

INDICTMENT                                   8

|   |   |   |
|---|---|---|
| 1 |    | mail for filing in CalPERS' investment files; |
| 2 | p. | On or about November 7, 2012, VILLALOBOS falsely answered certain questions under oath in a deposition in the civil action of *People v. Villalobos et al.,* (Los Angeles County Superior Court, SC 107850), regarding his role in, and knowledge of, the creation, execution, and transmittal of the fraudulent Investor Disclosure letters; |
| 7 | q. | On or about November 8, 2012, VILLALOBOS falsely answered certain questions under oath in a deposition in the civil action of *People v. Villalobos et al.,* (Los Angeles County Superior Court, SC 107850), regarding his role in, and knowledge of, the creation, execution, and transmittal of the fraudulent Investor Disclosure letters; |
| 12 | r. | On or about November 9, 2012, VILLALOBOS falsely answered certain questions under oath in a deposition in the civil action of *People v. Villalobos et al.,* (Los Angeles County Superior Court, SC 107850), regarding his role in, and knowledge of, the creation, execution, and transmittal of the fraudulent Investor Disclosure letters; and, |
| 17 | s. | On or about November 19, 2012, VILLALOBOS falsely answered certain questions under oath in a deposition in the civil action of *People v. Villalobos et al.,* (Los Angeles County Superior Court, SC 107850), regarding his role in, and knowledge of, the creation, execution, and transmittal of the fraudulent Investor Disclosure letters. |

All in violation of Title 18, United States Code, Section 371.

////
////
////
////
////
////

INDICTMENT                                    9

COUNT TWO: (18 U.S.C. § 1001(a)(1) – False Scheme Against the United States)

30. Paragraphs 1 through 22 and 25 through 27 are realleged and incorporated as if set forth fully herein.

31. From on or about and between January 2008 and November 19, 2012, both dates being approximate and inclusive, in the Northern District of California, and elsewhere, the defendants,

ALFRED J. VILLALOBOS and
FEDERICO R. BUENROSTRO, JR.,
aka Fred Buenrostro,

and others, did knowingly and willfully falsify, conceal, and cover up by trick, scheme, or device material facts, specifically facts about how the Investor Disclosure letters relating to CalPERS' investment in Apollo-managed funds were created, executed, and transmitted, in a matter within the jurisdiction of the SEC, the USPIS, and the FBI, all agencies of the executive branch of the United States.

All in violation of 18 U.S.C. § 1001(a)(1).

COUNT THREE: (18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud)

32. Paragraphs 1 through 22 and 25 through 27 are realleged and incorporated as if set forth fully herein.

33. From on or about and between June 2008 and November 19, 2012, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendants,

ALFRED J. VILLALOBOS and
FEDERICO R. BUENROSTRO, JR.,
aka Fred Buenrostro,

did knowingly and intentionally attempt and conspire with other persons known and unknown to the grand jury to commit offenses against the United States, specifically, mail fraud and wire fraud, in connection with the Investor Disclosure letter for CalPERS' investment in COF, in violation of Title 18, United States Code, Sections 1341 and 1343.

All in violation of Title 18, United States Code, Section 1349.

////

COUNT FOUR: (18 U.S.C. § 1001(a)(2) – False Statement to the United States)

34. Paragraphs 1 through 22 and 25 through 27 are realleged and incorporated as if set forth fully herein.

35. On or about February 3, 2012, in the Northern District of California, the defendant,

**FEDERICO BUENROSTRO, JR.**
aka Fred Buenrostro,

in a matter within the executive branch of the Government of the United States, did knowingly and willfully make the following materially false, fictitious, and fraudulent statements and representations, in a matter within the jurisdiction of the SEC, the USPIS, and the FBI:

(1) BUENROSTRO stated that he never signed any Investor Disclosure letters that were missing substantive terms in connection with CalPERS' investments in Apollo-managed funds;

(2) BUENROSTRO stated that, with the exception of certain Investor Disclosure letters dated "5/20/08," he signed and dated each Investor Disclosure relating to Fund VII, SOMA, and AIE on November 20, 2007; and,

(3) BUENROSTRO stated that he signed two originals of each Investor Disclosure letter for CalPERS' investments in Fund VII, SOMA, AIE, EPF, and COF, providing one original to VILLALOBOS and ARVCO and the other to CalPERS' intra-office mail for filing in CalPERS' investment files.

All in violation of Title 18, United States Code, Section 1001(a)(2).

////
////
////
////
////
////
////

INDICTMENT 11

COUNT FIVE: (18 U.S.C. § 1505 – Obstruction of Justice)

36. Paragraphs 1 through 22 and 25 through 27 are realleged and incorporated as if fully set forth herein.

37. On or about February 3, 2012, in the Northern District of California, the defendant,

FEDERICO BUENROSTRO, JR.
aka Fred Buenrostro,

did corruptly influence, obstruct, and impede, and endeavor to corruptly influence, obstruct, and impede, the proper and due administration of law under which a pending proceeding was being had before one or more departments or agencies of the United States, specifically, the USPIS and the FBI, by knowingly making material statements that were intentionally evasive, false, and misleading, specifically the false statements made by the defendant as charged in Count Four of this Indictment, as to his role in, and knowledge of, the creation, execution, and transmittal of the Investor Disclosure letters relating to CalPERS' investments into Apollo-managed funds.

All in violation of Title 18, United States Code, Section 1505.

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 –
Forfeiture of Fraud and Obstruction Proceeds)

38. The allegations of Counts One through Five of this Indictment are re-alleged and incorporated herein pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

39. Upon a conviction for Count Three or Count Five, alleged above, the defendants,

ALFRED J. VILLALOBOS and
FEDERICO R. BUENROSTRO, JR.,
aka Fred Buenrostro,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to said offense, including but not limited to a sum of money equal to the total proceeds from the commission of said offense.

40. If, as a result of any act or omission of the defendants, any of said property
    a. cannot be located upon the exercise of due diligence;

INDICTMENT       12

|   |   |   |
|---|---|---|
| 1 | b. | has been transferred or sold to or deposited with, a third person; |
| 2 | c. | has been placed beyond the jurisdiction of the Court; |
| 3 | d. | has been substantially diminished in value; or |
| 4 | e. | has been commingled with other property which cannot be divided without |
| 5 |    | difficulty; |

any and all interest defendants have in any other property up to the value of the property described in paragraph 44 above, shall be forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461.

All in violation of Title 18, United States Code, Sections 981(a)(1)(C), 1343, 1349; Title 28, United States Code, Section 2461; and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: March 14, 2013                                A TRUE BILL

                                                     _____
                                                     FOREPERSON

MELINDA HAAG
United States Attorney

_____
MIRANDA KANE
Chief, Criminal Division

Approved as to form:

_____
TIMOTHY J. LUCEY
Assistant United States Attorney

INDICTMENT                              13

# United States District Court
# Northern District of California



## CRIMINAL COVER SHEET

**Instructions:** Effective January 3, 2012, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case. Please place this form on top of the Defendant Information Form.

**Case Name:**
USA v. ALFRED J. VILLALOBOS & FEDERICO R. BUENROSTRO, JR.,
aka Fred Buenrostro

**Case Number:** CR 13-169 CRB

**Total Number of Defendants:**
1 ____  2-7 ✓  8 or more ____

**Is This Case Under Seal?**
Yes ✓  No ____

**Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?**
Yes ____  No ✓

**Venue (Per Crim. L.R. 18-1):**
SF ✓  OAK ____  SJ ____

**Is this a death-penalty-eligible RICO Act gang case?**
Yes ____  No ✓

**Assigned AUSA (Lead Attorney):**
TIMOTHY LUCEY

**Comments:**
Please provide stamped copies to AUSA Lucey.

**Date Submitted:**
MARCH 14, 2013

December 2011

PRINT