```
                                              Pages 1 - 13

             UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

        BEFORE THE HONORABLE CHARLES R. BREYER

UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
  vs.                            )  No. CR 13-169 CRB
                                 )
FEDERICO R. BUENROSTRO, JR.,     )
aka Fred Buenrostro,             )
                                 )  San Francisco, California
          Defendant.             )  Friday
_____  )  July 11, 2014

              TRANSCRIPT OF PROCEEDINGS
```

**APPEARANCES:**

**For Plaintiff:**         Melinda L. Haag
                           United States Attorney
                           150 Almaden Boulevard, Suite 900
                           San Jose, California   95113
                   **By:   Timothy J. Lucey, AUSA
                           Philip A. Guentert, AUSA**

**For Defendant:**         **William John Portanova, Esquire**
                           400 Capitol Mall, Suite 1100
                           Sacramento, California   95814

**Reported By:**     *Katherine Powell Sullivan, CSR #5812, RMR, CRR*
                     *Official Reporter - U.S. District Court*

**P R O C E E D I N G S**

**JULY 11, 2014**                                                                                          **9:32 A.M.**

      **THE CLERK:**  Calling case CR 13-0169, the United States of America versus Federico Buenrostro.

  Appearances, Counsel.

      **MR. LUCEY:**  Good morning, Your Honor.  Tim Lucey on behalf of the United States.

      **MR. PORTANOVA:**  Good morning, Your Honor.  William Portanova on behalf of Mr. Buenrostro, who is present.

      **MR. GUENTERT:**  Good morning, Your Honor.  Phil Guentert on behalf of the United States.

      **THE COURT:**  Good morning.

  So I've been advised that the defendant wishes to enter a plea in this matter.  And I have received a copy of the plea agreement, which seems appropriate.

  And I would ask my courtroom deputy to administer the oath to the defendant.

      **THE CLERK:**  Please raise your right hand.

  (Defendant sworn.)

      **THE CLERK:**  Make sure you speak into the mic.

      **MR. LUCEY:**  Your Honor, before we go further.

      **THE COURT:**  Yes.

      **MR. LUCEY:**  To advise the Court, we're executing the plea agreement in open court in front of Your Honor.

      **THE COURT:**  Okay.

1    **MR. LUCEY:** And we'll pass up the original copy
2  shortly.
3    **THE COURT:** Thank you.
4    **MR. LUCEY:** And, Your Honor, the government is now
5  handing up to your courtroom deputy the original executed plea
6  agreement.
7    **THE COURT:** Okay. I have some questions to ask you
8  concerning the plea. And you understand you're under oath and
9  must answer my questions truthfully?
10    **THE DEFENDANT:** Yes, sir.
11    **THE COURT:** What is your full name?
12    **THE DEFENDANT:** Fred R. Buenrostro, Jr.
13    **THE COURT:** And how old are you, sir?
14    **THE DEFENDANT:** 64.
15    **THE COURT:** How far did you go in school?
16    **THE DEFENDANT:** I have a law degree.
17    **THE COURT:** You have a law degree. Okay.
18     Have you been treated recently for any mental illness or
19  addiction to narcotic drugs of any kind?
20    **THE DEFENDANT:** No.
21    **THE COURT:** Are you currently under the influence of
22  any drug, medication, or alcoholic beverage of any kind?
23    **THE DEFENDANT:** I have medications I take daily.
24    **THE COURT:** And what is the nature of the medication?
25    **THE DEFENDANT:** Heart and blood pressure.

1           **THE COURT:**  Now, does that medication affect your
2 ability to understand these proceedings?
3           **THE DEFENDANT:**  No.
4           **THE COURT:**  And have you been able to consult with
5 your attorney while taking medication and understand what he
6 has said, and does he appear to understand what you've said
7 about the case?
8           **THE DEFENDANT:**  Yes.
9           **THE COURT:**  Okay.  Have you received a copy of the
10 superseding -- is it a superseding indictment or information?
11          **MR. LUCEY:**  Information, Your Honor.
12          **THE COURT:**  You're received a copy of the superseding
13 information, is that correct, as well as a copy of the
14 indictment?
15          **THE DEFENDANT:**  Yes.
16          **THE COURT:**  And have you read both of these documents
17 and discussed your case in general with your attorney?
18          **THE DEFENDANT:**  I have.
19          **THE COURT:**  And are you fully satisfied with the
20 representations given to you -- representation given to you in
21 this case by your counsel?
22          **THE DEFENDANT:**  Yes.
23          **THE COURT:**  There is a plea agreement in this case.
24 Did you have an opportunity to read and discuss the plea
25 agreement with your attorney before you signed it?

1       **THE DEFENDANT:** I did.
2       **THE COURT:** Does the plea agreement represent in its
3  entirety any understanding you have with the government?
4       **THE DEFENDANT:** Yes.
5       **THE COURT:** Do you understand the terms of the plea
6  agreement?
7       **THE DEFENDANT:** Yes.
8       **THE COURT:** Has anyone made any promise or assurance
9  that is not in the plea agreement to persuade you to accept
10 this agreement?
11      **THE DEFENDANT:** No.
12      **THE COURT:** Has anyone threatened you in any way to
13 persuade you to accept this agreement?
14      **THE DEFENDANT:** No.
15      **THE COURT:** Do you understand that the terms of the
16 plea agreement are merely recommendations to the Court; that I
17 can reject the recommendations without permitting you to
18 withdraw your plea of guilty and impose a sentence that is more
19 severe than you may now anticipate?
20      **THE DEFENDANT:** Yes.
21      **THE COURT:** Has anyone attempted in any way to force
22 you to plead guilty or otherwise threatened you?
23      **THE DEFENDANT:** No.
24      **THE COURT:** Has anyone made any promises or assurances
25 of any kind to get you to plead guilty, other than those that

```
 1  are contained in the plea agreement?
 2          THE DEFENDANT:  No.
 3          THE COURT:  Are you pleading guilty of your own free
 4  will because you are guilty?
 5          THE DEFENDANT:  Yes.
 6          THE COURT:  Do you understand that the offense -- is
 7  it a single offense he is pleading to?
 8          MR. LUCEY:  A single conspiracy, Your Honor, in
 9  violation of 18 U.S.C. 371.
10          THE COURT:  Do you understand this offense to which
11  you are pleading guilty is a felony offense; if your plea is
12  accepted you will be adjudged guilty of that offense; such
13  adjudication may deprive you of valuable civil rights, such as
14  the right to vote, right to hold public office, the right to
15  serve on the jury, and the right to possess any kind of
16  firearm?
17          THE DEFENDANT:  Yes.
18          THE COURT:  Are you a citizen of the United States?
19          THE DEFENDANT:  Yes.
20          THE COURT:  What are the possible consequences of the
21  plea?
22          MR. LUCEY:  Yes, Your Honor.  The maximum penalties
23  resulting from a conviction of 18 U.S.C. 371 are as follows:
24      The maximum prison term, Your Honor, is five years
25  imprisonment.  The maximum fine is a quarter million dollars or
```

```
 1  twice the gross gain or loss, whichever is greater.  The
 2  maximum term of supervised release following a term of
 3  imprisonment is three years.  There is also restitution,
 4  potentially, and mandatory special assessment of $100.
 5          THE COURT:  Now, because the defendant is an
 6  attorney -- are you licensed to practice law in the State of
 7  California?
 8          THE DEFENDANT:  I have an inactive license.
 9          THE COURT:  Inactive license.  However, a conviction
10  may very well affect your ability to maintain that license.  Do
11  you understand that?
12          THE DEFENDANT:  Yes.
13          THE COURT:  Okay.  And do you understand the other
14  possible consequences of the plea?
15          THE DEFENDANT:  Yes.
16          THE COURT:  Now, there are sentencing guidelines which
17  are advisory, which means that any criminal offense -- the
18  Court makes a determination as to a guideline range.  I can
19  only do so after a presentence report has been prepared.  Do
20  you understand that?
21          THE DEFENDANT:  Yes.
22          THE COURT:  And if you or government counsel object to
23  the calculation of the sentencing guideline range, then, of
24  course, that's subject to the Court review and the Court
25  determination.  Do you understand that?
```

1      **THE DEFENDANT:**  Yes.

2      **THE COURT:**  And do you further understand that the
3  sentencing guideline range is only one factor among other
4  factors that the Court considers in imposing a sentence?

5      **THE DEFENDANT:**  Yes.

6      **THE COURT:**  Now, this plea agreement contemplates
7  cooperation; is that correct?

8      **MR. LUCEY:**  That's correct, Your Honor.

9      **THE COURT:**  Okay.  So you understand the impact that
10 could have on your sentence, an individual who renders
11 substantial assistance to the government in connection with the
12 case is entitled, if the government agrees with that
13 characterization, to a departure from the sentencing guideline
14 range.

15     That determination is made solely by the government.  It's
16 not the power of the Court or defense counsel to make that
17 determination.  It's made by way of motion.  And the government
18 has to be satisfied that substantial assistance has been
19 rendered by you.

20     Do you understand that?

21     **THE DEFENDANT:**  Yes.

22     **THE COURT:**  Okay.  And then the Court, at the time of
23 sentencing, if you have rendered substantial assistance the
24 government makes a motion and the Court considers that motion.
25 Do you understand that?

```
 1                THE DEFENDANT:  Yes.
 2                THE COURT:  Okay.  Do you further understand you have
 3   the right to plead not guilty to any offense charged against
 4   you, to persist in that plea; you would then have the right to
 5   trial by jury; at trial you would be presumed to be innocent,
 6   and the government would have to prove each element beyond a
 7   reasonable doubt; you'd have the right to assistance of counsel
 8   for your defense, appointed by the Court, if necessary, at
 9   trial and every other stage of the proceeding; the right to see
10   and hear all the witnesses, and have them cross-examined in
11   your defense; the right on your own part to decline to testify,
12   unless you voluntarily elected to do so in your own defense;
13   and the right to compel the attendance of witnesses to testify
14   in your defense?  Do you understand those rights?
15                THE DEFENDANT:  Yes.
16                THE COURT:  Do you understand that should you decide
17   not to testify or put on any evidence, these facts cannot be
18   used against you?
19                THE DEFENDANT:  Yes.
20                THE COURT:  Do you further understand that by entering
21   a plea of guilty, if the plea is accepted by the Court, there
22   will be no trial and you will have given up your right to a
23   trial as well as the other rights associated with a trial as
24   I've just described them?
25                THE DEFENDANT:  Yes.
```

1          **THE COURT:**  What are the essential elements of the
2     offense to which the defendant is pleading guilty?
3          **MR. LUCEY:**  Yes, Your Honor.  The elements of the
4     offense to which Mr. Buenrostro is pleading guilty, which is
5     conspiracy to commit bribery and honest services fraud, and to
6     defraud the United States in violation of 18 U.S.C. 371, the
7     elements of that offense are that beginning no later than 2005
8     and ending in or about December 2013, there was an agreement
9     between two or more persons to commit an offense against the
10    United States, specifically bribery and honor services fraud,
11    and to defraud the United States for purpose of obstructing or
12    attempting to obstruct the lawful functions of a specific
13    government agency, which in this case is the Securities and
14    Exchange Commission, United States Postal Inspection Service,
15    and the Federal Bureau of Investigation by craft, trickery,
16    deceit, or dishonest means.
17         The second element, Your Honor, is that the defendant
18    became a member of the conspiracy knowing of at least one of
19    its objects and intending to accomplish it.
20         And, third, Your Honor, that one of the members of the
21    conspiracy performed at least one overt act for the purpose of
22    carrying out the conspiracy, with the jury ultimately agreeing
23    on the commission of at least one overt act.
24         **THE COURT:**  You heard the government recite the
25    essential elements of the offense.  Do you believe if the case

```
 1  went to trial the government would produce evidence on each of
 2  these elements of the offense which would establish each and
 3  every element beyond a reasonable doubt?
 4          THE DEFENDANT:  Yes.
 5          THE COURT:  Now, I'd like you to look at the plea
 6  agreement in front of you, if you would.  And turn to page 2,
 7  paragraph 2, which starts on line 19.  Do you see that?
 8          THE DEFENDANT:  Yes.
 9          THE COURT:  Okay.  Now, continue, page 3, all of page
10  3, all of page 4, all of page 5, all of page 6, all of page 7,
11  all of page 8, and page 9, through line 19, do you see that?
12          THE DEFENDANT:  Yes.
13          THE COURT:  Now, you have met with -- first of all,
14  have you read that paragraph, paragraph 2, all those pages,
15  carefully?
16          THE DEFENDANT:  Yes.
17          THE COURT:  Okay.  And you have met -- or your counsel
18  has met a number of times with the government, and a
19  description of these events was something that was discussed
20  with the government; is that correct?
21          THE DEFENDANT:  Yes.
22          THE COURT:  And it was discussed with you?
23          THE DEFENDANT:  Yes.
24          THE COURT:  Okay.  Is everything that is stated in
25  paragraph 2, over those number of pages, true and correct?
```

```
 1        THE DEFENDANT:  Yes.
 2        THE COURT:  And you've carefully examined it?
 3        THE DEFENDANT:  Yes.
 4        THE COURT:  And you have no quarrel or disagreement
 5   with any fact that's stated in that paragraph; is that correct?
 6        THE DEFENDANT:  Yes.
 7        THE COURT:  Okay.  You may take the plea.
 8        THE CLERK:  Fred Buenrostro, how do you plead to the
 9   charge stated in the superseding information?
10        THE DEFENDANT:  Guilty.
11        THE CLERK:  A plea of guilty as to the charge of the
12   superseding information has been entered, Your Honor.
13        THE COURT:  It is the finding of this Court the
14   defendant is fully competent/capable of entering an informed
15   plea; defendant is aware of the nature of the charge, the
16   consequences of the plea; the plea of guilty is a knowing and
17   voluntarily plea supported by an independent basis in fact
18   containing each of the essential elements of the offense.  The
19   plea is, therefore, accepted.  And the defendant is now
20   adjudged guilty of that offense.
21      When do you want to have sentencing or return?
22        MR. LUCEY:  Your Honor, given the fact that
23   Mr. Buenrostro is cooperating with the government, we would ask
24   for a sentencing date in 2015.
25        THE COURT:  Okay.  I will set sentencing for
```

1  January 7th.  And that's subject to -- we can change that if it
2  becomes appropriate to change it.  If either side wants it
3  changed, I can change it.
4          **MR. LUCEY:**  Thank you, Your Honor.  That will be at
5  2:00 p.m. or 10:00 a.m.?
6          **THE COURT:**  10:00 a.m.  10:00 a.m.  Okay.  And the
7  defendant may remain on the same terms and conditions of his
8  pretrial release.  You should take him, however, to the
9  probation department today, to sign him up.
10         **MR. PORTANOVA:**  Yes, Your Honor.
11         **THE COURT:**  Okay.
12         **MR. LUCEY:**  Thank you, Your Honor.
13     (At 9:45 a.m. the proceedings were adjourned.)
14                          -  -  -  -
15
16                     **CERTIFICATE OF REPORTER**
17     I certify that the foregoing is a correct transcript
18 from the record of proceedings in the above-entitled matter.
19 DATE:   Monday, July 14, 2014
20
21
22
23 _____
24     Katherine Powell Sullivan, CSR #5812, RMR, CRR
                U.S. Court Reporter
25