# EXHIBIT 1

1  LYNN M. DEAN, Cal. Bar No. 205562
   Email: deanl@sec.gov
2  DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
   Email: vanhavermaatd@sec.gov
3
4  Attorneys for Plaintiff
   Securities and Exchange Commission
5  Michele Wein Layne, Regional Director
   Lorraine Echavarria, Associate Regional Director
6  John W. Berry, Regional Trial Counsel
   5670 Wilshire Boulevard, 11th Floor
7  Los Angeles, California 90036
   Telephone: (323) 965-3998
8  Facsimile: (323) 965-3908

9

10                    UNITED STATES DISTRICT COURT

11                         DISTRICT OF NEVADA

12

13  SECURITIES AND EXCHANGE              Case No.  12-CV-00221-MMD-WGC
    COMMISSION,
14                                       **JUDGMENT AS TO DEFENDANT**
                                         **FEDERICO BUENROSTRO**
15              Plaintiff,
         vs.
16
17  ARVCO CAPITAL RESEARCH,
    LLC, ARVCO FINANCIAL
18  VENTURES, LLC, ALFRED J.R.
    VILLALOBOS, and FEDERICO
19  ("FRED") R. BUENROSTRO,

20
             Defendants.
21

22

The Securities and Exchange Commission having filed a Complaint and Defendant Federico Buenrostro having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment; and Defendant having admitted the facts set forth in the Consent of Federico Buenrostro and acknowledged that his conduct violated the federal securities laws:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from

1

violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

> (a)     to employ any device, scheme, or artifice to defraud;

> (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

> (c)     to engage in any act, practice, or course of business which operates or would  operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to 21A of the Exchange Act, [15 U.S.C. § 78u-1].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from October 1, 2010 based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal

2

Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated:  April 7, 2015

_____
UNITED STATES DISTRICT JUDGE

3

# EXHIBIT 2

1  DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
   E-mail: vanhavermaatd@sec.gov
2  LYNN M. DEAN, Cal. Bar No. 205562
   E-mail: deanl@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Michele Wein Layne, Regional Director
5  John W. Berry, Regional Trial Counsel
   444 S. Flower Street, Suite 900
6  Los Angeles, California 90071
   Telephone:  (323) 965-3998
7  Facsimile:   (213) 443-1904

8

9                    **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11  SECURITIES AND EXCHANGE                Case No. 3:12-cv-00221-MMD-WGC
    COMMISSION,
12                                          **NOTICE OF THE DEATH OF**
                  Plaintiff,                **DEFENDANT ALFRED J.R.**
13                                          **VILLALOBOS AND REQUEST**
            vs.                             **FOR DISMISSAL OF CLAIMS;**
14                                          **DECLARATION OF LYNN M.**
    ARVCO CAPITAL RESEARCH,                 **DEAN**
15  LLC, ARVCO FINANCIAL
    VENTURES, LLC, ALFRED J.R.
16  VILLALOBOS, and FEDERICO
    ("FRED") R. BUENROSTRO,
17
                  Defendants.
18

19

20

21

22

23

24

25

26

27

28
                                                      Case No. 2:12-cv-00221-MMD-WGC

In accordance with Rule 25(a) of the Federal Rules of Civil Procedure, the Securities and Exchange Commission (SEC"), plaintiff in this action, notes the death during the pendency of this action of Alfred J.R. Villalobos, a defendant.  The SEC has been informed that Villalobos died on January 13, 2015.  A copy of Villalobos' Death Certificate is attached as Exhibit 1 to the Declaration of Lynn M. Dean, filed herewith.

The SEC does not intend to file a motion to substitute Villalobos's successor or representative pursuant to Rule 25(a).   Accordingly, the SEC requests that the Court dismiss its claims as to Villalobos.  The SEC's claims against defendants ARVCO Capital Research, LLC, ARVCO Financial Ventures, LLC, and Federico ("Fred") R. Buenrostro remain intact.

Dated:  January 6, 2016                    Respectfully submitted,


                                           /s/ Lynn M. Dean
                                           David J. Van Havermaat
                                           Lynn M. Dean
                                           Attorneys for Plaintiff
                                           Securities and Exchange Commission


Plaintiff's Motion to Dismiss Defendant Alfred J.R. Villalobos is granted.


                                           IT IS SO ORDERED.


Dated: _

                                           U.S. District Judge

## DECLARATION OF LYNN M. DEAN

I, Lynn M. Dean, hereby declare, pursuant to 28 U.S.C. § 1746:

1.      I am an attorney at law admitted to practice law in the State of California and before the United States District Court for the Central District of California.  I am employed as an attorney in the Los Angeles Regional Office of the U.S. Securities and Exchange Commission ("Commission"), and am counsel of record for the Commission in this case.  I have personal knowledge of the facts set forth in this Declaration and, if called and sworn as a witness, could and would competently testify thereto.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the Certificate of Death of Alfred J.R. Villalobos issued by the State of Nevada Certification of Vital Record on January 21, 2015.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 6th day of January, 2016, at Los Angeles, California.

*/s/ Lynn M. Dean*
Lynn M. Dean

# EXHIBIT 1

## CERTIFICATION OF VITAL RECORD

### DEPARTMENT OF HEALTH AND HUMAN SERVICES
### DIVISION OF PUBLIC AND BEHAVIORAL HEALTH
#### VITAL STATISTICS

**CASE FILE NO. 3811929**

# CERTIFICATE OF DEATH

2015000668
STATE FILE NUMBER

| | | |
|---|---|---|
| **TYPE OR PRINT IN PERMANENT BLACK INK** | 1a. DECEASED-NAME (FIRST,MIDDLE,LAST,SUFFIX) <br> Alfred  James  Robles  **VILLALOBOS** | 2. DATE OF DEATH (Mo/Day/Year) <br> January 13, 2015 | 3a. COUNTY OF DEATH <br> Washoe |

**DECEDENT**

| 3b. CITY, TOWN, OR LOCATION OF DEATH <br> Reno | 3c. HOSPITAL OR OTHER INSTITUTION -Name(If not either, give street and number) <br> 9425 Double R Blvd | 3e.If Hosp. or Inst. indicate DOA,OP/Emer. Rm. Inpatient(Specify) <br> Shooting Range | 4. SEX <br> Male |
|---|---|---|---|
| 5. RACE White (Specify) | 6. Hispanic Origin? Specify <br> Yes - Mexican | 7a. AGE-Last birthday (Years) <br> 71 | 7b. UNDER 1 YEAR <br> MOS / DAYS | 7c. UNDER 1 DAY <br> HOURS / MINS | 8. DATE OF BIRTH (Mo/Day/Yr) |

| 9a. STATE OF BIRTH (If not U.S.A.,) <br> California | 9b. CITIZEN OF WHAT COUNTRY <br> United States | 10.EDUCATION <br> 16 | 11. MARITAL STATUS (Specify) <br> Divorced | 12. SURVIVING SPOUSE'S NAME (Last name prior to first marriage) |
|---|---|---|---|---|

**IF DEATH OCCURRED IN INSTITUTION SEE HANDBOOK REGARDING COMPLETION OF RESIDENCE ITEMS**

| 13. SOCIAL SECURITY NUMBER | 14a. USUAL OCCUPATION (Give Kind of Work Done During Most of <br> Ceo | 14b. KIND OF BUSINESS OR INDUSTRY <br> Investment Banking | Ever in US Armed Forces? No |
|---|---|---|---|

| 15a. RESIDENCE - STATE <br> Nevada | 15b. COUNTY <br> Douglas | 15c. CITY, TOWN OR LOCATION <br> Zephyr Cove | 15d. STREET AND NUMBER | 15e. INSIDE CITY LIMITS (Specify Yes or No) <br> No |
|---|---|---|---|---|

**PARENTS**

| 16. FATHER/PARENT - NAME (First Middle Last  Suffix) <br> Ignacio Hernandez VILLALOBOS | 17. MOTHER/PARENT - NAME (First Middle Last  Suffix) <br> Dolores ROBLES |
|---|---|

| 18a. INFORMANT-NAME (Type or Print) <br> AJ  VILLALOBOS | 18b. MAILING ADDRESS   (Street or R.F.D. No, City or Town, State, Zip) <br> California 96150 |
|---|---|

**DISPOSITION**

| 19a. BURIAL, CREMATION, REMOVAL, OTHER (Specify) <br> Cremation | 19b. CEMETERY OR CREMATORY - NAME <br> Masonic Memorial Gardens | 19c. LOCATION   City or Town      State <br> Reno Nevada 89503 |
|---|---|---|

| 20a. FUNERAL DIRECTOR - SIGNATURE (Or Person Acting as Such) <br> **KENNETH  BOWMAN** <br> SIGNATURE AUTHENTICATED | 20b. FUNERAL DIRECTOR LICENSE NUMBER <br> 806 | 20c. NAME AND ADDRESS OF FACILITY <br> Final Wishes <br> 437 Stoker Avenue  Reno  NV  89503 |
|---|---|---|

**TRADE CALL** | TRADE CALL - NAME AND ADDRESS

**CERTIFIER**

To Be Completed by CERTIFYING PHYSICIAN

| 21a. To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated (Signature & Title) | |
|---|---|
| 21b. DATE SIGNED (Mo/Day/Yr) | 21c. HOUR OF DEATH |
| 21d. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print) | |

To Be Completed by CORONER'S OFFICE

| 22a. On the basis of examination and/or investigation, in my opinion  death occurred at the time, date and place and due to the cause(s) stated. (Signature & Title) <br> **ELLEN G.I. CLARK M.D.** <br> SIGNATURE AUTHENTICATED | |
|---|---|
| 22b. DATE SIGNED (Mo/Day/Yr) <br> January 20, 2015 | 22c. HOUR OF DEATH <br> 15:31 |
| 22d. PRONOUNCED DEAD (Mo/Day/Yr) <br> January 13, 2015 | 22e. PRONOUNCED DEAD AT (Hour) <br> 15:31 |

| 23a. NAME AND ADDRESS OF CERTIFIER (PHYSICIAN, ATTENDING PHYSICIAN, MEDICAL EXAMINER, OR CORONER) (Type or Print) <br> Ellen G.I. Clark M.D.   PO Box 11130 Reno, NV  89520 | 23b. LICENSE NUMBER <br> 5850 |
|---|---|

**REGISTRAR**

| 24a. REGISTRAR (Signature) <br> **BRIDGES  SANDI** <br> SIGNATURE AUTHENTICATED | 24b. DATE RECEIVED BY REGISTRAR (Mo/Day/Yr) <br> January 21, 2015 | 24c. DEATH DUE TO COMMUNICABLE DISEASE <br> YES ☐   NO ☒ |
|---|---|---|

**CAUSE OF DEATH**

| 25. IMMEDIATE CAUSE   (ENTER ONLY ONE CAUSE PER LINE FOR (a), (b), AND (c).) | | Interval between onset and death |
|---|---|---|
| PART I (a) Gunshot Wound Of Head | | |
| DUE TO, OR AS A CONSEQUENCE OF: (b) | | Interval between onset and death |
| DUE TO, OR AS A CONSEQUENCE OF: (c) | | Interval between onset and death |
| DUE TO, OR AS A CONSEQUENCE OF: (d) | | Interval between onset and death |

**CONDITIONS IF ANY WHICH GAVE RISE TO IMMEDIATE CAUSE STATING THE UNDERLYING CAUSE LAST**

| PART II  OTHER SIGNIFICANT CONDITIONS-Conditions contributing to death but not resulting in the underlying cause given in Part 1. | 26. AUTOPSY (Specify Yes or No) <br> No | 27. WAS CASE REFERRED TO CORONER (Specify Yes or No) <br> Yes |
|---|---|---|

| 28a. ACC., SUICIDE, HOM., UNDET. OR PENDING INVEST. (Specify) <br> Suicide | 28b. DATE OF INJURY (Mo/Day/Yr) <br> January 13, 2015 | 28c. HOUR OF INJURY <br> 1520 | 28d. DESCRIBE HOW INJURY OCCURRED <br> Shot Self With Handgun |
|---|---|---|---|

| 28e. INJURY AT WORK (Specify Yes or No) <br> No | 28f. PLACE OF INJURY- At home, farm, street, factory, office building, etc. (Specify) <br> Indoor Shooting Range | 28g. LOCATION   STREET OR R.F.D. No. <br> 9425 Double R Blvd., Suite C | CITY OR TOWN <br> Reno | STATE <br> Nevada |
|---|---|---|---|---|

**STATE REGISTRAR**

VRS-Rev-20120523a

609313

CERTIFIED COPY OF VITAL RECORDS

This is a true and exact reproduction of the document officially registered and placed on file in the office of the State Registrar and Vital Records.

DATE ISSUED:  DEC 30 2015

STATE REGISTRAR

This copy is not valid unless prepared on engraved border displaying date, seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

Exhibit 1 Page 1

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On January 6, 2016, I caused to be served the document entitled **NOTICE OF THE DEATH OF DEFENDANT ALFRED J.R. VILLALOBOS AND REQUEST FOR DISMISSAL OF CLAIMS; DECLARATION OF LYNN M. DEAN** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☒ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 6, 2016

*/s/ Lynn M. Dean*
Lynn M. Dean

1

**SEC v. ARVCO CAPITAL, et al.**
**United States District Court - District of Nevada**
**Case No. 3:12-cv-00221-MMD-WGC**

<u>SERVICE LIST</u>

Federico Buenrostro **(served via UPS)**
6120 Wycliffe Way
Sacramento, CA 95831
*Pro Se Defendant*


Marc E. Rohatiner, Esq. **(served via CM/ECF)**
Wolf, Rifkin, Shaprio, Schulman & Rabkin, LLP
11400 W. Olympic Boulevard, 9th Floor
Los Angeles, CA 90064
Email:  mrohatiner@wrslawyers.com
***Attorneys for Defendants Alfred J.R. Villalobos, ARVCO Financial
Ventures, LLC, and ARVCO Capital Research, LLC***

# EXHIBIT 3

1   DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
    E-mail: vanhavermaatd@sec.gov
2   LYNN M. DEAN, Cal. Bar 205562
    E-mail: deanl@sec.gov
3
    Attorneys for Plaintiff
4   Securities and Exchange Commission
    Michele Wein Layne, Regional Director
5   John W. Berry, Regional Trial Counsel
    444 S. Flower Street, Suite 900
6   Los Angeles, California 90071
    Telephone:   (323) 965-3998
7   Facsimile:   (213) 443-1904

8

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11  SECURITIES AND EXCHANGE              Case No. 3:12-cv-00221-MMD-WGC
12  COMMISSION,
                                         **FINAL JUDGMENT AS TO ARVCO**
13              Plaintiff,               **CAPITAL RESEARCH, LLC**

14        vs.

15  ARVCO CAPITAL RESEARCH, LLC,
16  ARVCO FINANCIAL VENTURES,
    LLC, ALFRED J.R. VILLALOBOS, and
17  FEDERICO ("FRED") R.
    BUENROSTRO,
18
19              Defendants.
20

21

22

23

24

25

26

27

28

## JUDGMENT AS TO ARVCO CAPITAL RESEARCH, LLC

The Securities and Exchange Commission having filed a Complaint and Defendant ARVCO Capital Research, LLC having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

     (a)     to employ any device, scheme, or artifice to defraud;

     (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

     (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____       January 11, 2016

_____

HON. MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3

EXHIBIT 4

DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
E-mail: vanhavermaatd@sec.gov
LYNN M. DEAN, Cal. Bar 205562
E-mail: deanl@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone:  (323) 965-3998
Facsimile:   (213) 443-1904

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>  vs.<br><br>ARVCO CAPITAL RESEARCH, LLC, ARVCO FINANCIAL VENTURES, LLC, ALFRED J.R. VILLALOBOS, and FEDERICO ("FRED") R. BUENROSTRO,<br><br>       Defendants. | Case No. 3:12-cv-00221-MMD-WGC<br><br>**FINAL JUDGMENT AS TO ARVCO FINANCIAL VENTURES, LLC** |

## JUDGMENT AS TO ARVCO FINANCIAL VENTURES, LLC

The Securities and Exchange Commission having filed a Complaint and Defendant ARVCO Financial Ventures, LLC ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  January 11, 2016
_____

_____
HON. MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

# EXHIBIT 5

1  DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
   E-mail: vanhavermaatd@sec.gov
2  LYNN M. DEAN, Cal. Bar 205562
   E-mail: deanl@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Michele Wein Layne, Regional Director
5  John W. Berry, Regional Trial Counsel
   444 S. flower St., 9th Floor
6  Los Angeles, California 90071
   Telephone:  (323) 965-3998
7  Facsimile:   (213) 443-1904

8

9                    **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11  SECURITIES AND EXCHANGE              Case No. 3:12-cv-00221-MMD-WGC
12  COMMISSION,
                                         **JOINT STATUS REPORT**
13              Plaintiff,

14       vs.

15  ARVCO CAPITAL RESEARCH, LLC,
16  ARVCO FINANCIAL VENTURES,
    LLC, ALFRED J.R. VILLALOBOS, and
17  FEDERICO ("FRED") R.
    BUENROSTRO,
18
19              Defendants.
20

21

22

23        TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

24        The Securities and Exchange Commission ("SEC") and Defendant Federico

25  R. Buenrostro hereby submit the following Joint Status Report.

26        On June 20, 2013, the United States intervened and moved to stay discovery

27  in this action pending resolution of a pending criminal proceeding in the Northern

28

District of California against defendants Alfred Villalobos and Fred Buenrostro.
Dkt. No. 41.  On July 11, 2014, defendant Federico Buenrostro pled guilty to a
Superseding Information in the criminal matter that charged him with conspiracy
to commit bribery and honest services fraud and to defraud the United States, in
violation of 18 U.S.C. § 371.  In connection with his plea, Buenrostro admitted
accepting cash bribes from Villalobos, and admitted signing "a series of fraudulent
documents known as Investor Disclosure letters" at Villalobos' request, and then
agreeing with Villalobos to lie about it to the authorities.

On April 1, 2015, the SEC filed Buenrostro's consent to the entry of a
bifurcated judgment against him, imposing injunctive relief upon entry of the
judgment but deferring the Court's determination of monetary relief.  The Court
entered that bifurcated judgment on April 8, 2015.  The judgment, among other
things, permanently restrains and enjoins Buenrostro from violation of
Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §
77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange
Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R.
§ 240.10b-5].  Buenrostro's consent also provides that the Court shall order
disgorgement of his ill-gotten gains, prejudgment interest thereon, and a civil
penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and
Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] upon motion of the
SEC.  Because the SEC's claims for disgorgement and civil penalties may be
impacted by the terms of Buenrostro's criminal sentence, the SEC anticipates that
it will file a motion for entry of final judgment as to Buenrostro after his criminal
sentencing, which is currently scheduled for May 18, 2016.

On January 7, 2016, at the SEC's request, the Court entered an order
dismissing all claims against defendant Villalobos due to his suicide.

On January 11, 2016, the Court entered final judgments as to defendants
ARVCO Capital Research, LLC and ARVCO Financial Ventures, LLC.

2

1      Based on the foregoing, there will no need for a trial in this matter, and all of

2  the current pre-trial dates may be vacated.

3

4  DATED:  January 20, 2016               /s/ Lynn M. Dean

5                                          LYNN M. DEAN

6                                          Attorney for Plaintiff
                                          Securities and Exchange Commission

7

8

9  DATED:  January 20, 2016

10                                      Federico R. Buenrostro ("Fred")
                                      Pro se

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]    U.S. SECURITIES AND EXCHANGE COMMISSION, 444 S. Flower Street, Suite 900, Los Angeles, California 90071

     Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On January 21, 2016, I caused to be served the document entitled **JOINT STATUS REPORT** on all the parties to this action addressed as stated on the attached service list:

[ ]    **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

     [ ]    **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

     [ ]    **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]    **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[X]    **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]    **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]    **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]    **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

[X]    **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.

Date: <u>January 21, 2016</u>          <u>*/s/ Lynn M. Dean*</u>
                                          Lynn M. Dean

**SEC v. ARVCO CAPITAL, et al.**
**United States District Court - District of Nevada**
**Case No. 12-CV-00221-MMD-WGC**

<u>SERVICE LIST</u>

Federico Buenrostro **(served via UPS)**
6120 Wycliffe Way
Sacramento, CA 95831
*Pro Se Defendant*


Marc E. Rohatiner, Esq. **(served via CM/ECF)**
Wolf, Rifkin, Shaprio, Schulman & Rabkin, LLP
11400 W. Olympic Boulevard, 9th Floor
Los Angeles, CA 90064
Email: mrohatiner@wrslawyers.com
***Attorneys for Defendants Alfred J.R. Villalobos, ARVCO Financial***
***Ventures, LLC, and ARVCO Capital Research, LLC***

# EXHIBIT 6

COPY





No Fee Pursuant to
Government Code §6103

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

WEST DISTRICT

| THE PEOPLE OF THE STATE OF CALIFORNIA, | Case No. **SC107850** |
|---|---|
| Plaintiff, | **JUDGMENT AGAINST FEDERICO R. BUENROSTRO, JR.** |
| v. | |
| **ALFRED ROBLES VILLALOBOS, ARVCO CAPITAL RESEARCH, LLC, FEDERICO R. BUENROSTRO JR., and DOES 1 - 100, inclusive,** | |
| Defendants. | |

Pursuant to the Consent Agreement between the Plaintiff, the People of the State of California, and Defendant, Federico R. Buenrostro, Jr., and IT IS HEREBY ADJUDGED AND ORDERED that:

(1)  The Consent Agreement is incorporated herein with the same force and effect as if fully set forth herein.

(2)  Defendant Federico R. Buenrostro, Jr. is permanently enjoined and restrained from engaging in any conduct that violates Corporations Code section 25403(b) or Business and Professions Code section 17203.

1

1        (3) Defendant Federico R. Buenrostro, Jr. shall disgorge two hundred and fifty thousand

2    dollars ($250,000), to the California Department of Justice. Payment shall be made at the rate of

3    fifty thousand ($50,000) per year for five (5) years as follows. Defendant shall pay a first

4    installment of fifty thousand dollars ($50,000) on or before August 1, 2021. On or before

5    August 1, 2022, Defendant shall pay a second installment of fifty thousand ($50,000). On or

6    before August 1, 2023, Defendant shall pay a third installment of fifty thousand ($50,000). On or

7    before August 1, 2024, Defendant shall pay a fourth installment of fifty thousand ($50,000). On

8    or before August 1, 2025, Defendant shall pay a fifth installment of fifty thousand ($50,000).

9        The outstanding balance becomes immediately due and payable upon Defendant's death or

10   if any installment payment is more than 30 days late. The Judgment does not accrue interest

11   unless and until the Defendant is more than 30 days late with his installment payment. If any

12   payment is more than 30 days late, the People may collect the remaining amount due under the

13   Judgment, including interest on the remaining amount at the statutory rate of ten (10) per cent,

14   running from the payment due date, as well as any costs associated with enforcement of the

15   Judgment. Any monies collected by the California Department of Justice as judgment creditor

16   will be deducted from Defendant's unpaid installments beginning in 2021 and concluding with

17   the installment due in 2025.

18       The Judgment owed by Defendant to the California Department of Justice shall be reduced,

19   dollar for dollar, upon proof that Defendant has made monetary payments as ordered by the court

20   in the federal enforcement action brought by the U.S. Securities and Exchange Commission, Case

21   No. 12-CV-00221, pending in the U.S. District Court, District of Nevada (SEC Action), or by the

22   court in the federal criminal prosecution brought by the United States of America, Case No.

23   CR13-169, pending in the U.S. District Court, Northern District of California, San Francisco

24   Division (Criminal Action). Any monies paid by Defendant as ordered by the court in the SEC

25   Action or by the court in the Criminal Action will be deducted from Defendant's unpaid

26   installments to the California Department of Justice beginning in 2021 and concluding with the

27   last installment due in 2025.

28

1    Before the judgment lien is released or extinguished, Defendant, may, at his option,

2    refinance his existing loan secured by a first deed of trust. Defendant may not receive any cash

3    out as a result of a refinance. The People will cooperate in the refinance, including subordinating

4    to any new first deed of trust securing the refinance, provided that the People's judgment lien

5    remains in the same priority position as it was before any refinance. Any refinance will be

6    processed by a title company licensed to conduct escrows in the State of California.

7        (4) Except as expressly provided in the Consent Agreement, each Party shall pay its own

8    attorney fees, expert witness fees, and all costs of litigation incurred to date.

9

10   Dated: ____FEB 1 9 2016____, 2016        By _____LISA HART COLE_____

11

12                                               Honorable Lisa Hart Cole
                                                 Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COPY

KAMALA D. HARRIS
Attorney General of California
AMY J. WINN (STATE BAR NO. 142421)
Supervising Deputy Attorney General
W. RICHARD SINTEK (State Bar No. 131894)
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
Telephone: (619) 645-2140
E-mail: richard.sintek@doj.ca.gov
*Attorneys for Plaintiff*
*People of the State of California*

RECEIVED
FEB 16 2016
SUPERIOR COURT
WEST DISTRICT
SANTA MONICA

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 19 2016

Sherri R. Carter, Executive Officer/Clerk
By Nancy Lee, Deputy

No Fee Pursuant to
Government Code §6103

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

WEST DISTRICT

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**ALFRED ROBLES VILLALOBOS, ARVCO CAPITAL RESEARCH, LLC, FEDERICO R. BUENROSTRO JR., and DOES 1 - 100, inclusive,**<br><br>Defendants. | Case No. **SC107850**<br><br>**CONSENT AGREEMENT, COURT FINDINGS AND [proposed] JUDGMENT AGAINST FEDERICO R. BUENROSTRO, JR.** |

1.  Introduction.

    The People of the State of California, appearing through Attorney General Kamala D. Harris, Supervising Attorney General Amy J. Winn, and Deputy Attorney General W. Richard Sintek, and Defendant Federico R. Buenrostro Jr. (Settling Defendant), appearing through his attorney, William E. Barnes, stipulate, and the Court hereby finds and adjudges, as follows.

2.  Complaint.

    The People filed a civil Complaint in Los Angeles Superior Court on May 5, 2010, against Settling Defendant and others. The Complaint alleges that Settling Defendant knowingly provided substantial assistance to his co-defendants in violating California Corporations Code

1

1  section 25216(a) and Cal. Code Regs. tit. 10, section 260.216(a); thus the Complaint alleges that

2  Settling Defendant violated Corporations Code section 25403(b).  The Complaint also alleges that

3  Settling Defendant engaged in unlawful or unfair business practices under Business and

4  Professions Code section 17200.  The Complaint alleges that Settling Defendant violated these

5  laws while acting as the Chief Executive Officer (CEO) of the California Public Employees'

6  Retirement System (CalPERS), in which role, Settling Defendant admits and agrees and the Court

7  so finds, he acted in a fiduciary capacity.  Settling Defendant also admits and agrees, and the

8  Court so finds, that California Corporations Code section 25216; Cal. Code Regs, tit. 10, section

9  260.216, and Corporations Code section 25403 are state securities laws.

10     3.  Jurisdiction.

11        The People and Settling Defendant agree that the Los Angeles County Superior Court has

12  subject matter jurisdiction over matters alleged in this action, and personal jurisdiction over them.

13  The Court shall retain continuing jurisdiction to enforce the terms of this Consent Agreement,

14  Court Findings And Judgment (Consent Judgment).

15     4.  Settlement of Disputed Claims.

16        The People and Settling Defendant settle their dispute on terms set forth in this Consent

17  Judgment.  Settling Defendant waives his right to hearing on any matter covered by the

18  Complaint.  Settling Defendant waives all claims against the People arising out of this litigation.

19  The Consent Judgment constitutes the final agreement between the People and Settling Defendant

20  and supersedes any prior oral or written agreement between them.  The Consent Judgment may be

21  amended or supplemented only upon written consent by the parties and with the approval of the

22  Court.

23        The Consent Judgment is entered into in part based on Settling Defendant's representations

24  regarding his personal financial assets and liabilities.  If at any time the Attorney General

25  concludes that Settling Defendant purposely provided inaccurate or incomplete material

26  information, this Consent Judgment may be vacated at the sole option of the Attorney General

27  upon proof satisfactory to this Court, and Settling Defendant agrees to the entry of a new

28  judgment on the same terms as this Consent Judgment but with monetary payment to the

1    California Department of Justice to be $1,800,000, due immediately, constituting disgorgement

2    and the Attorney General's reasonable attorneys fees.  Notwithstanding Settling Defendant's

3    acknowledgment that as a judgment debtor he is subject to written interrogatories and debtor

4    examinations as provided by Code of Civil Procedure sections 708.010 *et seq.*, Settling Defendant

5    agrees to provide the Attorney General with:  (1) timely information regarding  changes of 10%

6    or more to his gross annual income; and (2) any real or personal property addition, transfer, or

7    encumbrance of $40,000 or more, until payment to the California Department of Justice is

8    completed.  This information shall be delivered to W. Richard Sintek, Office of the Attorney

9    General, P.O. Box 85266, San Diego, CA 92186-5266.

10        5. <u>Settling Defendant's Admissions and Court Findings</u>.

11        a. Beginning no later than 2005 and continuing during and after Settling Defendant's

12    tenure as CEO at CalPERS, Alfred R. Villalobos (Villalobos) provided, and Settling Defendant

13    accepted, items of value, including money, gifts, air travel, meals, entertainment, and other

14    benefits to influence and reward Settling Defendant in exchange for the exercise of his powers

15    and duties as CEO over CalPERS' financial transactions, investment operations, and internal

16    deliberations, all for the benefit of Villalobos and his company, ARVCO Capital Research, LLC.

17        b. Beginning in or about 2007, Villalobos made, and Settling Defendant accepted, the first

18    in a series of cash bribes.  Thereafter, Villalobos made, and Settling Defendant accepted, at least

19    two more cash payments.  Throughout this period, Settling Defendant continued to provide

20    Villalobos with access to CalPERS' confidential information relating to investments and other

21    proprietary matters while also continuing his efforts to influence CalPERS investment staff and

22    Board, as directed by Villalobos, on matters including the funds selected for investment and the

23    amounts to be invested in such funds, to benefit Villalobos and his current and prospective

24    clients, investment consultants and other associates.  By the end of approximately 2007,

25    Villalobos made, and Settling Defendant accepted, bribes totaling approximately $200,000 in

26    cash.

27        c. At the time Settling Defendant accepted these items of value, Villalobos was soliciting

28    CalPERS to purchase investments issued by his clients such as Apollo Global Management

3

(Apollo) and Aurora Capital Group (Aurora). During this time while Settling Defendant was CEO, CalPERS invested in private equity investments issued by Apollo and by Aurora thus triggering transaction-based commissions and fees payable to Villalobos doing business as ARVCO Capital Research LLC.

d. In 2010, Settling Defendant received $50,000 from Villalobos in the form of a forgiven loan.

e. On or about December 27, 2010, Settling Defendant was asked a series of questions under oath by the California Attorney General's office, and among other things, falsely answered certain questions under oath that he knew were of interest to the People regarding his role in, and knowledge of, the creation, execution, and transmittal of fraudulent investor disclosure letters, as well as his relationship with Villalobos. Villalobos subsequently reviewed the transcript of Settling Defendant's testimony and advised Settling Defendant that he had responded as they had agreed and rehearsed.

f. Settling Defendant is also aware that between 2009 and 2010, in response to document requests from the government, including the California Attorney General's office, Villalobos and Settling Defendant started to take steps to cover up the evidence of their corrupt relationship by concealing and destroying records that existed in, among other places, ARVCO Capital Research LLC's books and records.

6. Permanent Injunction.

Settling Defendant consents to the entry of the Consent Judgment which permanently enjoins and restrains him from engaging in any conduct that violates Corporations Code section 25403(b) or Business and Professions Code section 17203.

7. Money Judgment.

a. $250,000 Judgment Lien.

Settling Defendant consents to entry of the Consent Judgment against him which includes a monetary judgment under Government Code section 12660 in the amount of two hundred and fifty thousand dollars ($250,000), payment to be made to the California Department of Justice (Money Judgment). The Money Judgment disgorges Settling Defendant's ill-gotten gains derived

4

from his fraud as admitted and found herein, and includes $2,980 in sanctions ordered by the Court against Settling Defendant on May 14, 2014. Except as provided in Code of Civil Procedure section 704.950 regarding a declared homestead, the parties agree that the Money Judgment creates a judgment lien that attaches to, among other things, all interests in real property held by Settling Defendant.

b. Installment Payments.

Payment shall be made at the rate of fifty thousand ($50,000) per year for five (5) years as follows. Settling Defendant shall pay a first installment of fifty thousand dollars ($50,000) on or before August 1, 2021. On or before August 1, 2022, Settling Defendant shall pay a second installment of fifty thousand ($50,000). On or before August 1, 2023, Settling Defendant shall pay a third installment of fifty thousand ($50,000). On or before August 1, 2024, Settling Defendant shall pay a fourth installment of fifty thousand ($50,000). On or before August 1, 2025, Settling Defendant shall pay a fifth installment of fifty thousand ($50,000).

c. Accelerated Payment.

The outstanding balance becomes immediately due and payable upon Settling Defendant's death or if any installment payment is more than 30 days late. The Money Judgment does not accrue interest unless and until the Settling Defendant is more than 30 days late with his installment payment. If any payment is more than 30 days late, the People may collect the remaining amount due under the Money Judgment, including interest on the remaining amount at the statutory rate of ten (10) per cent, running from the payment due date, as well as any costs associated with enforcement of the Consent Judgment. Any monies collected by the California Department of Justice as judgment creditor will be deducted from Settling Defendant's unpaid installments beginning in 2021 and concluding with the installment due in 2025.

d. Setoff Payments.

Settling Defendant is a defendant in an enforcement action brought by the U.S. Securities and Exchange Commission, Case No. 12-CV-00221, pending in the U.S. District Court, District of Nevada (SEC Action). On April 7, 2015, the U.S. District Court entered a Consent Judgment against Mr. Buenrostro stating that the amount of disgorgement and civil penalties to be paid by

5

1   Mr. Buenrostro shall be determined upon motion by the SEC, with no date or deadline for the
2   filing of such motion.

3       Settling Defendant is also a defendant in a criminal prosecution brought by the United
4   States of America, Case No. CR13-169, pending in the U.S. District Court, Northern District of
5   California, San Francisco Division (Criminal Action). On July 11, 2014, Mr. Buenrostro entered
6   into a Plea Agreement containing factual admissions supporting his agreement to plead guilty to
7   charges of conspiracy to commit bribery and honest services fraud and to defraud the United
8   States, in violation of 18 United States Code section 371. He also agreed to make a good faith
9   effort to pay any fine, forfeiture, or restitution ordered by the U.S. District Court against him. His
10  sentencing hearing is scheduled for May 18, 2016.

11      The SEC Action and Criminal Action both contain allegations against Mr. Buenrostro that
12  overlap with those brought by the People in the pending enforcement action, and arise from the
13  same conduct leading to the filing of the People's action. The People and Settling Defendant
14  agree that the Money Judgment owed by Settling Defendant to the California Department of
15  Justice, as described above, shall be reduced, dollar for dollar, upon proof that Mr. Buenrostro has
16  made monetary payments as ordered by the court in the SEC Action or by the court in the
17  Criminal Action. Any monies paid by Settling Defendant as ordered by the court in the SEC
18  Action or by the court in the Criminal Action will be deducted from Settling Defendant's unpaid
19  installments to the California Department of Justice beginning in 2021 and concluding with the
20  last installment due in 2025.

21      e. Payment Form and Delivery.

22      All payments under this Money Judgment shall be by cashier's checks, payable to the
23  California Department of Justice and mailed to Accounting Cashier, California Department of
24  Justice, 1300 I Street, Sacramento, CA 95814. Each check shall bear on its face the Attorney
25  General docket number of this case, LA2010600471. A photocopy of each check shall be sent at
26  the same time to W. Richard Sintek, Office of the Attorney General, P.O. Box 85266, San Diego,
27  CA 92186-5266.

28

6

f. Refinance Existing Loan.

Before the judgment lien is released or extinguished, Settling Defendant, may, at his option, refinance his existing loan secured by a first deed of trust. Settling Defendant may not receive any cash out as a result of a refinance. The People will cooperate in the refinance, including subordinating to any new first deed of trust securing the refinance, provided that the People's judgment lien remains in the same priority position as it was before any refinance. Any refinance will be processed by a title company licensed to conduct escrows in the State of California. Settling Defendant will promptly provide copies of escrow instructions, estimated settlement statements, and final closing statements to the W. Richard Sintek, Office of the Attorney General, P.O. Box 85266, San Diego, CA 92186-5266.

8. Effect of Judgment.

Except as expressly provided in this Consent Judgment, nothing in this Consent Judgment is intended nor shall be construed to preclude the Attorney General from exercising her authority under any law, statute or regulation.

For the purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. section 523, the findings in this Consent Judgment are true and admitted by the Settling Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due from Settling Defendant by this Consent Judgment or any other judgment, order, consent order, decree or settlement agreement entered into in connection with this proceeding, is a debt for the violation of the California securities laws and the Business and Professions Code section 17200, as set forth in Section 523 subdivision (a)(19) of the Bankruptcy Code, 11 U.S.C. section 523, subdivision (a)(19) and is a debt for fraud or defalcation while acting in a fiduciary capacity as set forth in Section 523(a)(4) of the Bankruptcy Code (11 U.S.C. section 523[a][4]).

9. No Waiver of Right to Enforce.

The failure of the Attorney General to enforce any provision of this Consent Judgment shall in no way be deemed a waiver of such provision, or in any way affect the validity of this Consent Judgment. The failure of the Attorney General to enforce any such provision shall not preclude

7

her from later enforcing the same or any other provision of this Consent Judgment. No oral

advice, guidance, suggestions or comments by employees or officials of the California Office of

Attorney General regarding matters covered in this Consent Judgment shall be construed to

relieve Settling Defendant of his obligations required by this Consent Judgment.

10. Application of Consent Judgment.

This Consent Judgment shall apply to and be binding upon the Attorney General, Settling

Defendant, and the successors or assigns of each of them. Settling Defendant agrees that service

of this Consent Judgment, entered by the Court, can be effected upon him through his attorney,

William E. Barnes. The People and Settling Defendant agree that after service of the Consent

Judgment, any further correspondence from the People be directed to Settling Defendant who

agrees to provide the People with written notice of any change in his address. Settling Defendant

further agrees to provide to W. Richard Sintek, Office of the Attorney General, P.O. Box 85266,

San Diego, CA 92186-5266, within thirty (30) days after the Consent Judgment entered by the

Court is served on his attorney, William E. Barnes, an affidavit or declaration stating that Settling

Defendant has received and read a copy of the Consent Judgment.

11. Authority to Enter Consent Judgment.

Each signatory to this Consent Judgment certifies that he or she is fully authorized by the

party he or she represents to enter into this Consent Judgment, to execute it on behalf of the party

represented, and to legally bind that party. Settling Defendant enters into this Consent Judgment

voluntarily and represents that no threats, offers, promises, or inducements of any kind have been

made by the People or the Attorney General's office to induce Settling Defendant to enter into

this Consent Judgment.

12. Continuing Litigation Against Other Defendants.

In connection with this action against other defendants, Settling Defendant: (i) agrees to

appear and be interviewed by the Attorney General's staff at such reasonable time and place as

the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile

transmission of notices or subpoenas issued by the People; and (iii) consents to personal

jurisdiction in this Court for purposes of enforcing any such subpoenas.

8

13. Enforcement of Judgment.

If any party brings an action to enforce any terms of this Consent Judgment, the prevailing party shall be entitled to its reasonable costs of enforcement, including attorney fees and costs and expert witness fees.

14. Payment of Litigation Expenses and Fees.

Except as expressly provided in the Consent Judgment, each Party shall pay its own attorney fees, expert witness fees, and all costs of litigation incurred to date.

15. Counterpart Signatures.

This Consent Judgment may be executed by the parties in counterpart. When a copy is signed by an authorized representative of each party, the stipulation shall be effective as if a single document were signed by all parties.

**IT IS SO STIPULATED:**

**For the Plaintiff People:**

KAMALA D. HARRIS
Attorney General of California
W. RICHARD SINTEK
Deputy Attorney General

Dated: ~~January~~ February 12, 2016

By: _W. Rich / Sintek_

W. Richard Sintek
Deputy Attorney General
Attorneys for Plaintiff

**For the Settling Defendant:**

Dated: January 22, 2016

_Fred Vhnt_

Federico R. Buenrostro Jr.

Approved as to Form

Dated: January 23, 2016

Law Offices of William E. Barnes

By: _William E. Barnes_

William E. Barnes
Attorneys for Federico R. Buenrostro Jr.

9

THE ABOVE CONSTITUTES THE FINDINGS OF THIS COURT.

**IT IS SO HEREBY ORDERED.**  The Clerk of the Court is directed to enter the proposed

form of judgment attached as Exhibit A as the Court's final judgment in this matter.

Dated: _____FEB 1 9 2016_____, 2016                    _____LISA HART COLE_____

                                                                           Judge of the Superior Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Consent Agreement and Judgment Against Buenrostro  (SC107850)

1

2

3

4

5

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10                          WEST DISTRICT

11  THE PEOPLE OF THE STATE OF              Case No. **SC107850**
    **CALIFORNIA,**
12                                          **JUDGMENT AGAINST FEDERICO R.**
                                            **BUENROSTRO, JR.**
13                          Plaintiff,

14              v.

15  **ALFRED ROBLES VILLALOBOS,**
    **ARVCO CAPITAL RESEARCH, LLC,**
16  **FEDERICO R. BUENROSTRO JR., and**
    **DOES 1 - 100, inclusive,**
17
                            Defendants.
18

19        Pursuant to the Consent Agreement between the Plaintiff, the People of the State of

20  California, and Defendant, Federico R. Buenrostro, Jr., and IT IS HEREBY ADJUDGED AND

21  ORDERED that:

22        (1) The Consent Agreement is incorporated herein with the same force and effect as if

23  fully set forth herein.

24        (2) Defendant Federico R. Buenrostro, Jr. is permanently enjoined and restrained from

25  engaging in any conduct that violates Corporations Code section 25403(b) or Business and

26  Professions Code section 17203.

27

28

(3)  Defendant Federico R. Buenrostro, Jr. shall disgorge two hundred and fifty thousand dollars ($250,000), to the California Department of Justice.  Payment shall be made at the rate of fifty thousand ($50,000) per year for five (5) years as follows.  Defendant shall pay a first installment of fifty thousand dollars ($50,000) on or before August 1, 2021.  On or before August 1, 2022, Defendant shall pay a second installment of fifty thousand ($50,000).  On or before August 1, 2023, Defendant shall pay a third installment of fifty thousand ($50,000).  On or before August 1, 2024, Defendant shall pay a fourth installment of fifty thousand ($50,000).  On or before August 1, 2025, Defendant shall pay a fifth installment of fifty thousand ($50,000).

The outstanding balance becomes immediately due and payable upon Defendant's death or if any installment payment is more than 30 days late.  The Judgment does not accrue interest unless and until the Defendant is more than 30 days late with his installment payment.  If any payment is more than 30 days late, the People may collect the remaining amount due under the Judgment, including interest on the remaining amount at the statutory rate of ten (10) per cent, running from the payment due date, as well as any costs associated with enforcement of the Judgment.  Any monies collected by the California Department of Justice as judgment creditor will be deducted from Defendant's unpaid installments beginning in 2021 and concluding with the installment due in 2025.

The Judgment owed by Defendant to the California Department of Justice shall be reduced, dollar for dollar, upon proof that Defendant has made monetary payments as ordered by the court in the federal enforcement action brought by the U.S. Securities and Exchange Commission, Case No. 12-CV-00221, pending in the U.S. District Court, District of Nevada (SEC Action), or by the court in the federal criminal prosecution brought by the United States of America, Case No. CR13-169, pending in the U.S. District Court, Northern District of California, San Francisco Division (Criminal Action).  Any monies paid by Defendant as ordered by the court in the SEC Action or by the court in the Criminal Action will be deducted from Defendant's unpaid installments to the California Department of Justice beginning in 2021 and concluding with the last installment due in 2025.

1    Before the judgment lien is released or extinguished, Defendant, may, at his option,

2    refinance his existing loan secured by a first deed of trust. Defendant may not receive any cash

3    out as a result of a refinance. The People will cooperate in the refinance, including subordinating

4    to any new first deed of trust securing the refinance, provided that the People's judgment lien

5    remains in the same priority position as it was before any refinance. Any refinance will be

6    processed by a title company licensed to conduct escrows in the State of California.

7        (4) Except as expressly provided in the Consent Agreement, each Party shall pay its own

8    attorney fees, expert witness fees, and all costs of litigation incurred to date.

9

10

11    Dated: _____, 2016        By _____

12                                                Honorable Lisa Hart Cole
                                                 Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 7

1

2

3

4

5

6

7

8

9

10

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 15 2016

Sherri R. Carter, Executive Officer/Clerk

By Nancy Lee, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

WEST DISTRICT

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                               Plaintiff,<br><br>        v.<br><br>ALFRED ROBLES VILLALOBOS,<br>ARVCO CAPITAL RESEARCH, LLC,<br>FEDERICO R. BUENROSTRO JR., and<br>DOES 1 - 100, inclusive,<br><br>                      Defendants. | Case No. **SC107850**<br><br>**FINAL JUDGMENT AS TO ARVCO CAPITAL RESEARCH, LLC** |

20

21

22

23

24

25

26

27

28

Pursuant to the Consent Agreement between the Plaintiff, the People of the State of California, and Defendant ARVCO Capital Research, LLC, IT IS HEREBY ADJUDGED AND ORDERED that:

    1.    The Consent Agreement is incorporated herein with the same force and effect as if fully set forth herein.

    2.    Defendant ARVCO Capital Research, LLC is permanently enjoined and restrained from engaging in any conduct that violates Corporations Code sections 25216(a) and 25210, or Business and Professions Code section 17203.

1

1     3.    Defendant ARVCO Capital Research, LLC is ordered to pay civil penalties of ten

2 million dollars ($10,000,000) under Government Code section 12660(a) payable to the California

3 Department of Justice.

4     4.    Defendant ARVCO Capital Research, LLC is ordered to pay attorney fees of ten

5 million dollars ($10,000,000) payable to the California Department of Justice.

6     5.    This Court shall retain jurisdiction of this matter for the purposes of enforcing the

7 terms of this Judgment.

8     6.    There being no just reason for delay, the Clerk is ordered to enter this Judgment

9 forthwith and without further notice.

10

11 Dated:    **APR 1 5 2016**

                           LISA HART COLE

12                             Honorable Lisa Hart Cole

                            Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Judgment Against ARVCO Capital Research, LLC  (SC107850)

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3
4

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 11400 West Olympic Boulevard, 9th Floor, Los Angeles, CA 90064-1582.

5
6

On April 14, 2016, I served true copies of the following document(s) described as **[PROPOSED] FINAL JUDGMENT AS TO ARVCO CAPITAL RESEARCH** on the interested parties in this action as follows:

7

### SEE ATTACHED SERVICE LIST

8
9
10
11

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

12
13

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

14

Executed on April 14, 2016, at Los Angeles, California.

15
16

Claire M. Teeter

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**
*The People of the State of California vs. Alfred Robles Villalobos, et. al.*
**SC 107 850**

2

| | |
|---|---|
| 3 | Kamala D. Harris, Esq. |
| | Attorney General of the State of California |
| 4 | Amy J. Winn, Esq. |
| | Supervising Deputy Attorney General |
| 5 | Xianchun Vendler, Esq. |
| | Deputy Attorneys General |
| 6 | 110 West A Street, Suite 1100 |
| | San Diego, CA  92101 |
| 7 | Telephone:  619.645.2140 |
| | Email: amv.winn@doi.ca.gov |

Attorneys for Plaintiff,
THE PEOPLE OF THE STATE OF
CALIFORNIA

8

9  W. Richard Sintek, Esq.
   Deputy Attorney General
   600 West Broadway, Suite 1800
10 San Diego, CA  92101
   P.O. Box 85266
11 San Diego, CA  92186-5266
   Telephone:  619.645.2140
12 Facsimile:  619.645.2271
   Email:  Richard.Sintek@doi.ca.gov

Attorneys for Plaintiff,
THE PEOPLE OF THE STATE OF
CALIFORNIA

13

14 William E. Barnes, Esq.
   Law Offices of William E. Barnes
   1312 Lucio Lane
15 P.O. Box 221310
   Sacramento, California 95822-8310
16 Telephone:  916.441.4007
   Fax: 916.441.4909
17 Email: bill@wbarneslaw.com

Attorney for Defendant,
FEDERICO R. BUENROSTRO, JR.

18 Timothy J. Lucey, Esq.
   The United States Attorney's Office
19 Northern District of California
   150 Almaden Blvd., Ste. 900
20 San Jose, CA  95113
   Telephone:  408.535.5054
21 Facsimile:  408.535.5066
   Email:  timothy.lucey@usdoj.gov

Attorneys for Plaintiff,
THE PEOPLE OF THE STATE OF
CALIFORNIA

22

23

24

25

26

27

28

1   KAMALA D. HARRIS
    Attorney General of California
2   AMY J. WINN (STATE BAR NO. 142421)
    Supervising Deputy Attorney General
3   W. RICHARD SINTEK (State Bar No. 134894)
    Deputy Attorney General
4    110 West A Street, Suite 1100
     San Diego, CA 92101
5    Telephone: (619) 645-2140
     E-mail: richard.sintek@doj.ca.gov
6   *Attorneys for Plaintiff*
    *People of the State of California*
7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 15 2016

Sherri R. Carter, Executive Officer/Clerk
By Nancy Lee, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF LOS ANGELES

10                            WEST DISTRICT

11

12  **THE PEOPLE OF THE STATE OF**          Case No. **SC107850**
13  **CALIFORNIA,**
                                            **CONSENT AGREEMENT AS TO**
14                         Plaintiff,       **ARVCO CAPITAL RESEARCH, LLC**

15              v.

16  **ALFRED ROBLES VILLALOBOS,**
17  **ARVCO CAPITAL RESEARCH, LLC,**
    **FEDERICO R. BUENROSTRO JR., and**
18  **DOES 1 - 100, inclusive,**

19                         Defendants.

20

21      1.  Introduction.

22          The People of the State of California, appearing through Attorney General Kamala D.

23  Harris, Supervising Attorney General Amy J. Winn, and Deputy Attorney General W. Richard

24  Sintek, and Defendant ARVCO Capital Research, LLC, appearing through its attorney, Marc E.

25  Rohatiner (Settling Defendant), stipulate as follows.

26      2.  Complaint.

27          The People filed a civil Complaint in Los Angeles Superior Court on May 5, 2010, against

28  Settling Defendant and others.  The Complaint alleges that Settling Defendant violated California

                                              1

1   Corporations Code section 25216(a), as defined by Cal. Code Regs. tit. 10, section 260.216(a),

2   and Corporations Code section 25210.  The Complaint also alleges that Settling Defendant

3   engaged in unlawful or unfair business practices under Business and Professions Code

4   section 17200.

5        3.  Jurisdiction.

6        The People and Settling Defendant agree that the Los Angeles County Superior Court has

7   subject matter jurisdiction over matters alleged in this action, and personal jurisdiction over them.

8   The Court shall retain continuing jurisdiction to enforce the terms of this Consent Agreement And

9   Judgment (Consent Judgment).

10       4.  Settlement of Disputed Claims.

11       The People and Settling Defendant settle their dispute on terms set forth in this Consent

12  Judgment.  Settling Defendant waives its right to hearing on any matter covered by the Complaint

13  and this Consent Judgment.  Settling Defendant waives all claims against the People arising out

14  of this litigation.  The Consent Judgment constitutes the final agreement between the People and

15  Settling Defendant and supersedes any prior oral or written agreement between them.  The

16  Consent Judgment may be amended or supplemented only upon written consent by the parties

17  and with the approval of the Court.

18       5.  Settling Defendant Consents To Entry of Judgment.

19       Without admitting or denying the allegations of the Complaint, Settling Defendant hereby

20  consents to entry of Judgment in the form attached hereto (Judgment) and incorporated by

21  reference herein, which among other things, permanently restrains and enjoins Settling Defendant

22  and which orders it to pay civil penalties and attorney fees, as follows:

23       a.  Permanent Injunction.

24       Settling Defendant consents to the entry of the Consent Judgment which permanently

25  enjoins and restrains it from engaging in any conduct that violates Corporations Code sections

26  25216(a) and 25210, or Business and Professions Code section 17203.

27       ///

28       ///

2

Consent Agreement  As To ARVCO Capital Research, LLC  (SC107850)

1        b.   Civil Penalties.

2        Settling Defendant consents to the entry of the Consent Judgment which orders it to pay

3    civil penalties of ten million dollars ($10,000,000) under Government Code section 12660(a)

4    payable to the California Department of Justice.

5        c.    Attorney Fees.

6        Settling Defendant consents to the entry of the Consent Judgment which orders it to pay

7    attorney fees of ten million dollars ($10,000,000) payable to the California Department of Justice.

8        6. Bankruptcy Claim.

9        Settling Defendant and the People agree that this civil penalty and attorney fee award is

10   intended as the source and amount of the People's twenty million dollar ($20,000,000) claim

11   against debtor ARVCO Capital Research, LLC, in the Chapter 7 bankruptcy case pending in the

12   U.S. Bankruptcy Court, District of Nevada, *In re Alfred J.R.Villalobos,* Bankr. Case No. 3:10-

13   52248-gwz. Settling Defendant's consent is subject to it first obtaining approval from the

14   Bankruptcy Court to have the Consent Judgment entered against it.  Solely for purposes of

15   exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

16   twenty million ($20,000,000) civil penalty and attorney fee award under this Consent Judgment is

17   a nondischargeable debt by Settling Defendant for the violation of California securities laws or

18   regulations issued under such laws, as set forth in section 523(a)(19) of the Bankruptcy Code, 11

19   U.S.C. § 523(a)(19).

20       7. Dismiss Defendant Alfred R. Villalobos

21       The People agree to dismiss, without prejudice and with each party to bear its costs,

22   defendant Alfred R. Villalobos from this enforcement action within 30 days from entry of this

23   Consent Judgment by the clerk of this Court.

24       8. Effect of Judgment.

25       This Consent Judgment resolves only the claims asserted against Settling Defendant in this

26   civil proceeding.  Except as expressly provided in this Consent Judgment, nothing in this Consent

27   Judgment is intended nor shall be construed to preclude the Attorney General from exercising her

28   authority under any law, statute or regulation.  Settling Defendant agrees that it: (i) will not take

3

1    any action or make or permit to be made any public statement denying, directly or indirectly, any

2    allegation in the Complaint or creating the impression that the Complaint is without factual basis;

3    (ii) will not make or permit to be made any public statement to the effect that Settling Defendant

4    does not admit the allegations in the Complaint, or that this Consent Judgment contains no

5    admission of the allegations, without also stating that Settling Defendant does not deny the

6    allegations; and (iii) upon the filing of this Consent Judgment, Settling Defendant hereby

7    withdraws any papers filed in this action to the extent that they deny any allegation in the

8    Complaint.  If Settling Defendant breaches this agreement, the People may petition the Court to

9    vacate the Judgment and restore this action to its active docket.  Nothing in this paragraph affects

10   Settling Defendant's:  (i) testimonial obligations; or (ii) right to take legal or factual positions in

11   litigation or other legal proceedings in which the People are not a party, that in effect constitute

12   direct or indirect denials of the allegations in the Complaint in this action.

13          9. No Waiver of Right to Enforce.

14          The failure of the Attorney General to enforce any provision of this Consent Judgment shall

15   in no way be deemed a waiver of such provision, or in any way affect the validity of this Consent

16   Judgment.  The failure of the Attorney General to enforce any such provision shall not preclude

17   her from later enforcing the same or any other provision of this Consent Judgment.  No oral

18   advice, guidance, suggestions or comments by employees or officials of the California Office of

19   Attorney General regarding matters covered in this Consent Judgment shall be construed to

20   relieve Settling Defendant of its obligations required by this Consent Judgment.

21          10. Application of Consent Judgment.

22          This Consent Judgment shall apply to and be binding upon the Attorney General, Settling

23   Defendant, and the successors or assigns of each of them.

24          11. Authority to Enter Consent Judgment.

25          Each signatory to this Consent Judgment certifies that he or she is fully authorized by the

26   party he or she represents to enter into this Consent Judgment, to execute it on behalf of the party

27   represented, and to legally bind that party.

28          ///

4

1    12. Enforcement of Judgment.

2        If any party brings an action to enforce any terms of this Consent Judgment, the prevailing

3    party shall be entitled to its reasonable costs of enforcement, including attorney fees and costs and

4    expert witness fees.

5        13. Payment of Litigation Expenses and Fees.

6        Except as expressly provided in the Consent Judgment, each Party shall pay its own

7    attorney fees, expert witness fees, and all costs of litigation incurred to date.

8        14. Counterpart Signatures.

9        This Consent Judgment may be executed by the parties in counterpart.  When a copy is

10    signed by and authorized representative of each party, the stipulation shall be effective as if a

11    single document were signed by all parties.

12        **IT IS SO STIPULATED:**

13    **For the Plaintiff People:**                KAMALA D. HARRIS
                                                    Attorney General of California
14                                                  AMY J. WINN
                                                    Supervising Deputy Attorney General
15                                                  W. RICHARD SINTEK
                                                    Deputy Attorney General

16

17    Dated: _____, 2016        By: _____

18                                          W. Richard Sintek
                                            Deputy Attorney General
19                                          Attorneys for Plaintiff

20    **For the Settling Defendant:**       ARVCO Capital Research, LLC

21

22    Dated: _Feb. 29_____, 2016        By _____

23                                          CH. 7 BANKRUPTCY TRUSTEE

24    Approved as to Form                  Wolf, Rifkin, Shapiro, Schulman & Rabkin,
                                            LLP
25
      Dated: _230_____, 2016
26                                          By: _____

27                                          Marc E. Rohatiner
                                            Attorneys for ARVCO Capital Research, LLC
28

5

1    12. Enforcement of Judgment.

2    If any party brings an action to enforce any terms of this Consent Judgment, the prevailing

3    party shall be entitled to its reasonable costs of enforcement, including attorney fees and costs and

4    expert witness fees.

5    13. Payment of Litigation Expenses and Fees.

6    Except as expressly provided in the Consent Judgment, each Party shall pay its own

7    attorney fees, expert witness fees, and all costs of litigation incurred to date.

8    14. Counterpart Signatures.

9    This Consent Judgment may be executed by the parties in counterpart. When a copy is

10    signed by and authorized representative of each party, the stipulation shall be effective as if a

11    single document were signed by all parties.

12    IT IS SO STIPULATED:

13    For the Plaintiff People:
        KAMALA D. HARRIS
        Attorney General of California
14      AMY J. WINN
        Supervising Deputy Attorney General
15      W. RICHARD SINTEK
        Deputy Attorney General

16

17    Dated: Apri/13 , 2016    By: W. Richard Sintek

18      W. Richard Sintek
        Deputy Attorney General
19      Attorneys for Plaintiff

20    For the Settling Defendant:    ARVCO Capital Research, LLC

21

22    Dated: Feb. 29 , 2016    By
23      CH. 7 BANKRUPTCY TRUSTEE

24    Approved as to Form    Wolf, Rifkin, Shapiro, Schulman & Rabkin,
        LLP
25    Dated: 230 , 2016

26      By:
        Marc E. Rohatiner
27      Attorneys for ARVCO Capital Research, LLC

28

5

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 11400 West Olympic Boulevard, 9th Floor, Los Angeles, CA 90064-1582.

On April 14, 2016, I served true copies of the following document(s) described as **CONSENT AGREEMENT AS TO ARVCO CAPITAL RESEARCH, LLC** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 14, 2016, at Los Angeles, California.

*Claire M. Teeter*

Claire M. Teeter

**SERVICE LIST**
*The People of the State of California vs. Alfred Robles Villalobos, et. al.*
SC 107 850

Kamala D. Harris, Esq.
Attorney General of the State of California
Amy J. Winn, Esq.
Supervising Deputy Attorney General
Xianchun Vendler, Esq.
Deputy Attorneys General
110 West A Street, Suite 1100
San Diego, CA  92101
Telephone:  619.645.2140
Email: amy.winn@doj.ca.gov

Attorneys for Plaintiff,
THE PEOPLE OF THE STATE OF
CALIFORNIA

W. Richard Sintek, Esq.
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA  92101
P.O. Box 85266
San Diego, CA  92186-5266
Telephone:  619.645.2140
Facsimile:  619.645.2271
Email:  Richard.Sintek@doj.ca.gov

Attorneys for Plaintiff,
THE PEOPLE OF THE STATE OF
CALIFORNIA

William E. Barnes, Esq.
Law Offices of William E. Barnes
1312 Lucio Lane
P.O. Box 221310
Sacramento, California 95822-8310
Telephone:  916.441.4007
Fax: 916.441.4909
Email: bill@wbarneslaw.com

Attorney for Defendant,
FEDERICO R. BUENROSTRO, JR.

Timothy J. Lucey, Esq.
The United States Attorney's Office
Northern District of California
150 Almaden Blvd., Ste. 900
San Jose, CA  95113
Telephone:  408.535.5054
Facsimile:  408.535.5066
Email:  timothy.lucey@usdoj.gov

Attorneys for Plaintiff,
THE PEOPLE OF THE STATE OF
CALIFORNIA